# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MITCHELL MAKIDON,

        Petitioner,        Case Number 12-cv-14553

v.        HONORABLE VICTORIA A. ROBERTS

DUNCAN MACLAREN,

        Respondent.

_____/

## OPINION AND ORDER TRANSFERRING CASE TO THE
## UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Mitchell Makidon ("Petitioner"), a Michigan state prisoner, has filed a petition for a writ of habeas corpus. The petition is a second or successive habeas corpus petition. *See* 28 U.S.C. §2244(b). Petitioner has not obtained an order from the United States Court of Appeals for the Sixth Circuit authorizing this Court to consider Petitioner's application. *See* §2244(b)(3)(A). The Court therefore orders the petition transferred to the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. §1631 and 28 U.S.C. §2244(b)(3)(A).

Petitioner was convicted in 1984 by a Shiawassee County jury of one count of third-degree criminal sexual conduct. Following this conviction, Petitioner was tried by bench trial on a supplemental information charging him which being a fourth felony habitual offender, Mich. Comp. L. §769.12. Petitioner was convicted of being a fourth felony habitual offender and sentenced to life imprisonment. Petitioner challenged this conviction and sentence in a

prior petition. That petition was denied on the merits. *See Makidon v. Elo*, No. 99-70194 (E.D. Mich. May 26, 2000) (opinion and order denying the petition for writ of habeas corpus) (Borman, J.). Although the district court denied the petition in its entirety, it granted a certificate of appealability for Petitioner's claim that his habitual offender conviction was based upon a prior conviction obtained without the assistance of counsel and without a knowing and intelligent waiver of the right to counsel. *Makidon v. Elo*, 3 F. App'x 409, 411 (6th Cir. 2001). The Sixth Circuit reviewed the issues encompassed by the certificate of appealability and affirmed the district court's denial of the petition. *Id.,* 3 F. App'x at 413. The United States Supreme Court denied a writ of certiorari. *Makidon v. Elo,* 533 U.S. 958 (2001).

Petitioner has now filed another petition for writ of habeas corpus challenging his 1984 conviction and sentence. In this petition, Petitioner asserts that the trial court lacked jurisdiction to convict him of being a fourth habitual offender because the State did not properly serve notice of intent to seek enhancement as required by Michigan law.

If an application for habeas corpus relief is "second or successive," the petitioner must obtain leave from the Court of Appeals before filing it with the district court. *Magwood v. Patterson*, __ U.S. __, 130 S. Ct. 2788, 2796 (2010); 28 U.S.C. §2244(b). Not all applications filed after an initial application challenging a specific state court judgment are considered "second or subsequent." *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007). "In the usual case, a petition filed second in time, and not otherwise permitted by the terms of §2244 will not survive AEDPA's 'second or successive' bar." *Id.* at 947. However, several

exceptions have been carved out to the general rule that numerically second petitions are "second or successive." The United States Supreme Court has held a subsequent habeas petition is not "second or successive" where a subsequent petition presented a claim identical to a claim that had been dismissed as unripe in an earlier petition. *Steward v. Martinez-Villareal*, 523 U.S. 637, 644-45 (1998). It has also held that a subsequent petition presenting a claim that was not presented in an earlier petition, but which would have been unripe at the time of the earlier petition, is not second or successive. *Panetti*, 551 U.S. at 947. The United States Court of Appeals for the Sixth Circuit has held that a subsequent habeas petition filed after the habeas grant of a new appeal, which petition contains some claims that would have been ripe for inclusion in the first petition but were not included in the first petition, is not a "second or successive" petition for purposes of §2244(b). *Storey v. Vasbinder*, 657 F.3d 372, 378 (6th Cir. 2011). A numerically second petition for writ of habeas corpus challenging a state court judgment is "second or subsequent" for purposes of §2244(b), however, when it raises a claim "that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect." *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006) (*citing McCleskey v. Zant*, 499 U.S. 467, 489 (1991)).

This petition is a second or successive petition. Petitioner has already challenged the specific judgment of sentence at issue here. *Cf. Magwood*, 130 S. Ct. at 2796 (second habeas petition filed after resentencing not "second or successive" to earlier petition challenging original sentence). Petitioner's jurisdictional claims are not newly ripe; they were available to him at the time he filed his initial habeas petition in 1999. *Cf. Panetti*, 551 U.S. at 947

(unripe *Ford* claim omitted from first petition not barred as second or successive). Petitioner has not received a new appeal between his first petition and the petition at issue here. *Cf. Storey*, 657 F.3d at 378 (petition filed after remedial appeal ordered in response to first petition not second or successive for purposes of §2244(b)). Petitioner makes no showing of excusable neglect; instead, he merely asserts that jurisdictional defects can be raised at any time. The question "is whether petitioner possessed, or by reasonable means could have obtained, a sufficient basis to allege a claim in the first petition and pursue the matter through the habeas process." *McCleskey*, 499 U.S. at 498 (applying abuse of writ standard). Since Petitioner could have pursued his jurisdictional claim in his first federal habeas petition, the present petition is a second or successive petition.

Before a prisoner may file a second or successive habeas petition challenging a conviction already challenged in a prior habeas petition, the prisoner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. §2244(b)(3)(A). Petitioner has not obtained from the Court of Appeals for the Sixth Circuit authorization to file a successive petition in this Court. The Sixth Circuit has held that when a second or successive petition for habeas corpus relief is filed in the district court without prior authorization, the district court must transfer the petition to the Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly, the Court **ORDERS** the Clerk of Court to transfer this case to the United States Court of Appeals for the Sixth Circuit.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: October 23, 2012

The undersigned certifies that a copy of this document was served on the attorneys of record and Mitchell Makidon by electronic means or U.S. Mail on October 23, 2012.

s/Carol A. Pinegar
Deputy Clerk